IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BYRON JOSEPH KNOX**                                                   **PETITIONER**

**V.**                                      **CIVIL ACTION NO. 3:19CV200 CWR-LRA**

**WARDEN C. RIVERS, UNIT MANAGER C.
CURRY, UNIT MANAGER N. BULLOCK,
CASE MANAGER V. HAWKINS,
COUNSELOR S. MOORE, and
CMC S. ANDERSON**                                                   **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Knox was incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, when he filed the instant complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants assert that Knox failed to exhaust administrative remedies that were available to him through the Bureau of Prison's mandatory four-step process set forth in 28 C.F.R. §§ 542.10-542.19 before filing his Complaint. They request an order of dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Knox alleges that Defendants mishandled his administrative grievances; failed to transfer him to another facility; and, restricted his inmate email access, all while using harassment and other retaliatory tactics to thwart his attempts to exhaust.[1]

---

[1] Knox complains that the BOP has erroneously calculated his term of imprisonment. The Court notes that a federal inmate's sentence computation claim is properly pursued in a § 2241 habeas petition. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Thus, it is not considered in this *Bivens* action.

Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Complaint should be dismissed for failure to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Federal prisoners suing under *Bivens* must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a section 1983 suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019). Inmates exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program. Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Substantial compliance is insufficient. *Id.* However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e., where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of

2

administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

28 C.F.R. § § 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days of the Regional Director's response. Upon completing this multiple-tiered review process, a federal inmate has exhausted his administrative remedies.

The "failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because Defendants rely on matters outside the pleadings, the motion to dismiss should be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a

genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712. Thus, to prevail here, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). The undersigned has reviewed the record and the parties' submissions and is of the opinion that the unrebutted summary judgment evidence establishes Knox's failure to exhaust his claims in the instant action.

In support of their summary judgment motion, Defendants submit the Affidavit of Lisa Singleton, a Deputy Case Management Coordinator at FCC Yazoo responsible for processing the administrative remedy requests filed by inmates. As a case manager, Singleton has access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies procedures. Her review of the SENTRY system for Knox's administrative remedy filings reflects an extensive filing history, with a total of 295 requests as of July 2, 2019, 23 of which were filed at FCC Yazoo City alone. Of those which give rise to the instant complaint, records show that none were fully compliant with exhaustion requirements.[2]

---

[2] ECF No. 33-1—33-2.

Specifically, Knox challenges the administrative remedy process itself; the failure to transfer him to another prison; and, the restrictions placed on his email access. As to the process, records show that Knox failed to perfect his appeal beyond the regional level. As to his transfer requests, the administrative record indicates that Knox either failed to comply with filing requirements at the institutional level or failed to his perfect his administrative appeal to the Office of General Counsel.

As for Knox's assertion that BOP officials improperly restricted his email access, records show that he attempted to avail himself of the protocol for filing "sensitive" issues, which allows a prisoner who reasonably believes that his well-being would be in danger if the request was filed at the institutional level to submit his request directly to the appropriate Regional Director. *See* BOP Program Statement, 1330.16; 28 C.F.R. § 542.14(d)(1). If the Regional Director determines that the complaint is not sensitive, it is returned to the inmate to resubmit at the institutional level for the warden to review. *Id.* However, Knox filed his administrative remedy request challenging his email restriction directly with the General Counsel, who determined that it was not a sensitive request, and rejected it on this basis. The records reflect that Knox did not refile the request at the institutional level with the warden.

The law is clear. An inmate must complete all steps in the administrative process, including complying with administrative deadlines and other procedural rules before exhaustion is proper. *Woodford v. Ngo,* 548 U.S. 81, 89–92 (2006). If an inmate has filed "an untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id.* at 83-84. It is not

5

enough to merely initiate the grievance process. Knox must pursue the "grievance remedy to conclusion." *Wright*, 260 F.3d at 358; *Porter v. Peterson*, 747 F. App'x 247, 248 (5th Cir. 2019).

As indicated *infra*, Knox does not dispute the failure to exhaust, but argues the Court should excuse this omission due to futility. Although not entirely clear, he appears to contend that BOP officials used harassment and other retaliatory tactics to render the administrative remedies process unavailable to him, thereby hindering his ability to exhaust. But this argument is unavailing. There are three instances in which an administrative procedure may be considered unavailable for purposes of exhaustion: "[A]n administrative remedy may be unavailable where (1) prison officials are unable or consistently unwilling to provide any relief to aggrieved inmates, (2) the administrative scheme is so opaque that it becomes, practically speaking, incapable of use by an ordinary prisoner, or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Hinton v. Martin*, 742 F. App'x 14, 15 (5th Cir. 2018) (quoting *Blake*, at 1859-60) (internal quotation marks omitted). Knox has not demonstrated, in either his Complaint or traverse, that any of these examples are present here. 742 F. App'x at 15. Rather, his claims that administrative remedies were unavailable to him are vague, unsubstantiated, and undercut by the fact that his administrative-remedy records reflect that he has filed numerous administrative remedy claims since entering BOP custody. *See Banks v. Pearson*, No. 5:09CV148 DCB-MTP, 2010 WL 2817180 (S.D. Miss. Mar. 22, 2010) (rejecting inmate's claim that the administrative-remedies process was

unavailable to him given evidence showing that he filed 132 remedies since his incarceration began). As such, he has failed to meet his burden in demonstrating the unavailability of administrative review.

For the reasons stated, the undersigned recommends that the instant petition be dismissed for failure to exhaust available state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on July 31, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
